**FITAPELLI & SCHAFFER, LLP** JUDGE SCHOFIELD
Brian S. Schaffer
Joseph A. Fitapelli
Andrew P. Kimble
475 Park Avenue South, 12th Floor
New York, New York 10016
Telephone: (212) 300-0375

**13 CIV 6978**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

RECEIVED
OCT - 2 2013
U.S.D.C. S.D. N.Y.
CASHIERS

| | |
|---|---|
| **CAMERINO HERNANDEZ, on behalf of himself and all others similarly situated,** | |
| **Plaintiff,** | |
| -against- | |
| **ENERGY KITCHEN, INC., ENERGY KITCHEN HOBOKEN LLC, ENERGY KITCHEN NASSAU INC., ENERGY KITCHEN 47TH STREET, INC., ENERGY KITCHEN 47TH STREET 2 LLC, ENERGY KITCHEN 57TH STREET INC., ENERGY KITCHEN SECOND AVENUE CORP., OTHER BROTHER LLC, ANTHONY LEONE, and MIKE REPOLE,** | **CLASS ACTION COMPLAINT** |
| **Defendants.** | |

Plaintiff Camerino Hernandez ("Plaintiff"), individually and on behalf of all others

similarly situated, as class representative, upon personal knowledge as to himself, and upon

information and belief as to other matters, alleges as follows:

**NATURE OF THE ACTION**

1.     This lawsuit seeks to recover minimum wages, overtime compensation, spread of

hours pay, unlawful deductions, uniform-related expenses, and other wages for Plaintiff and his

similarly situated co-workers – cooks, delivery workers, kitchen workers, counter servers,

helpers, dishwashers, and other "non-exempt employees" – who work or have worked at any of

the Energy Kitchen restaurants currently or formerly operating in New York (collectively, the

"Energy Kitchen Restaurants").

2.      Defendants Energy Kitchen, Inc., Energy Kitchen Hoboken LLC, Energy Kitchen Nassau Inc., Energy Kitchen 47th Street, Inc., Energy Kitchen 47th Street 2 LLC, Energy Kitchen 57th Street Inc., Energy Kitchen Second Avenue Corp., Other Brother LLC, Anthony Leone, and Mike Repole (collectively, "Defendants") have, at all times relevant, owned, operated, and controlled the Energy Kitchen Restaurants.

3.      Since opening in 2003, the Energy Kitchen Restaurants have featured a health-conscious menu, serving only items that are "grilled, baked or steamed, never fried, and always under 500 calories." The Energy Kitchen Restaurants and their owners have been reviewed by several major news outlets, including the New York Times, the Wall Street Journal, the Washington Post, and USA Today.

4.      In approximately 2008, Mike Repole became the majority shareholder of the Energy Kitchen Restaurants, and embarked on plans to open over 1,000 restaurants nationwide.

5.      Despite its growing success, Defendants failed to pay Plaintiff and other similarly situated employees the wages to which they were entitled under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

6.      Plaintiff worked for Defendants as a delivery worker, and as an hourly and salaried cook.

7.      Throughout Plaintiff's employment as a delivery worker, Defendants applied a tip credit to delivery workers' hourly wages. Defendants, however, did not satisfy the requirements under FLSA or the NYLL by which they could take a tip credit towards the basic minimum hourly rate paid to delivery workers. In that regard, Defendants: (a) failed to provide delivery workers with notification of the tipped minimum wage rate or tip credit provisions of the FLSA or NYLL, or of their intent to apply a tip credit to delivery workers' wages; (b) failed to furnish

delivery workers with accurate wage statements with each payment of wages; and (c) required delivery workers to spend over two hours per day, and in excess of twenty percent of their time at work, engaged in a non-tipped capacity.

8.      Defendants also denied delivery workers minimum wage by making deductions from their pay for mistakes and bicycle-related expenses.

9.      Throughout Plaintiff's employment with Defendants as a cook and delivery worker, Defendants maintained a policy and practice whereby non-exempt employees were not paid the appropriate premium overtime pay for hours worked in excess of 40 per workweek.

10.     Throughout Plaintiff's employment with Defendants as a cook and delivery worker, Defendants maintained a policy and practice whereby non-exempt employees were not paid spread-of-hours pay when the length of the interval between the beginning and end of their workday – including working time plus time off for meals plus intervals off duty – was greater than 10 hours.

11.     Throughout Plaintiff's employment with Defendants as a cook and delivery worker, Defendants required non-exempt employees to wear a uniform with the Energy Kitchen logo.  Though Defendants provided non-exempt employees with three shirts, one hat, one apron, and one name tag, they failed to launder and/or maintain these mandatory uniforms, or pay non-exempt employees the required weekly amount for uniform maintenance in addition to the required minimum wage.  Additionally, non-exempt employees who required additional uniforms were required to purchase these items at their own expense.

12.     Defendants apply the same employment policies, practices, and procedures to all non-exempt employees at the Energy Kitchen Restaurants.

13.     Plaintiff brings this action on behalf of himself and similarly situated current and former non-exempt employees who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiff and other similarly situated employees of their lawfully earned wages.

14.     Plaintiff also brings this action on behalf of himself and all similarly situated current and former non-exempt employees pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the NYLL Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

## THE PARTIES

**Plaintiff**

### Camerino Hernandez

15.     Plaintiff is an adult individual who is a resident of Corona, New York.

16.     Plaintiff was employed by Defendants as a delivery person and/or cook from approximately April 28, 2008 to September 2012 at six different Energy Kitchen Restaurant locations in Manhattan, New York: 18 West 23rd Street (the "23rd Street Energy Kitchen"), 300 East 41st Street (the "41st Street Energy Kitchen"), 417 West 47th Street (the "47th Street Energy Kitchen"), 1089 Second Avenue (the "Second Avenue Energy Kitchen"), 71 Nassau Street (the "Nassau Street Energy Kitchen"), and 82 Christopher Street (the "Christopher Street Energy Kitchen").

17.     Plaintiff is a covered employee within the meaning of the FLSA and the NYLL.

18.     A written consent form for Plaintiff is being filed with this Class Action Complaint.

**Defendants**

19.     Defendants have jointly employed Plaintiff and similarly situated employees at all times relevant.

20.     At all times relevant, Individual Defendants Anthony Leone and Mike Repole have owned, operated, and controlled the Energy Kitchen Restaurants as a single enterprise.

21.     Each Defendant has had substantial control over Plaintiff's and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

22.     Defendants are part of a single integrated enterprise that has jointly employed Plaintiff and similarly situated employees at all times relevant.

23.     Defendants' operations are interrelated and unified.

24.     During all relevant times, the Energy Kitchen Restaurants have shared a common management and have been centrally controlled and/or owned by Defendants.

25.     During all relevant times, Defendants centrally controlled the labor relations of the Energy Kitchen Restaurants.

**Energy Kitchen, Inc.**

26.     Together with the other Defendants, Energy Kitchen, Inc. has owned and/or operated the Energy Kitchen Restaurants during the relevant period.

27.     Energy Kitchen, Inc. is a domestic business corporation organized and existing under the laws of New York.

28.     "Energy Kitchen Inc." is the corporate entity that appears on the bottom of each page of the Energy Kitchen website, www.energykitchen.com.

29.     Energy Kitchen, Inc. allows employees to transfer or be shared by and between the Energy Kitchen Restaurants without retraining.

30. Energy Kitchen, Inc. is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiff and similarly situated employees.

31. At all relevant times, Energy Kitchen, Inc. maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

32. Upon information and belief, Energy Kitchen, Inc. applies the same employment policies, practices, and procedures to all non-exempt employees, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread-of-hours pay, deductions, and uniform expenses.

33. Upon information and belief, at all relevant times, Energy Kitchen, Inc.'s annual gross volume of sales made or business done was not less than $500,000.00.

**Energy Kitchen Hoboken LLC**

34. Together with the other Defendants, Energy Kitchen Hoboken LLC has owned and/or operated the Energy Kitchen Restaurants during the relevant period.

35. Energy Kitchen Hoboken LLC is a foreign limited liability company organized and existing under the laws of New Jersey.

36. Energy Kitchen Hoboken LLC is a corporate entities that appears on some of Plaintiff's paystubs for work performed for Defendants.

37. Energy Kitchen Hoboken LLC allows employees to transfer or be shared by and between the Energy Kitchen Restaurants without retraining.

38. Energy Kitchen Hoboken LLC is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiff and similarly situated employees.

39.     At all relevant times, Energy Kitchen Hoboken LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

40.     Upon information and belief, Energy Kitchen Hoboken LLC applies the same employment policies, practices, and procedures to all non-exempt employees, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread-of-hours pay, deductions, and uniform expenses.

41.     Upon information and belief, at all relevant times Energy Kitchen Hoboken LLC's annual gross volume of sales made or business done was not less than $500,000.00.

**Energy Kitchen Nassau Inc.**

42.     Together with the other Defendants, Energy Kitchen Nassau Inc. has owned and/or operated the Energy Kitchen Restaurants during the relevant period.

43.     Energy Kitchen Nassau Inc. is a domestic business corporation organized and existing under the laws of New York.

44.     According to the New York State Department of State – Division of Corporations, DOS Process is to be served on Energy Kitchen Nassau Inc. at 71 West 23rd Street, Suite 614, New York, New York 10010, which, upon information and belief, is the address of Energy Kitchen's headquarters.

45.     Energy Kitchen Nassau Inc. is one of the corporate entities that appears on Plaintiff's paystubs for work performed for Defendants.

46.     Energy Kitchen Nassau Inc. allows employees to transfer or be shared by and between the Energy Kitchen Restaurants without retraining.

47.     Energy Kitchen Nassau Inc. is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiff and similarly situated employees.

48.     At all relevant times, Energy Kitchen Nassau Inc. maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

49.     Upon information and belief, Energy Kitchen Nassau Inc. applies the same employment policies, practices, and procedures to all non-exempt employees, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread-of-hours pay, deductions, and uniform expenses.

50.     Upon information and belief, at all relevant times Energy Kitchen Nassau Inc.'s annual gross volume of sales made or business done was not less than $500,000.00.

**Energy Kitchen 47th Street, Inc.**

51.     Together with the other Defendants, Energy Kitchen 47th Street, Inc. has owned and/or operated the Energy Kitchen Restaurants during the relevant period.

52.     Energy Kitchen 47th Street, Inc. is a domestic business corporation organized and existing under the laws of New York.

53.     Energy Kitchen 47th Street, Inc. allows employees to transfer or be shared by and between the Energy Kitchen Restaurants without retraining.

54.     Energy Kitchen 47th Street, Inc. is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiff and similarly situated employees.

55.     At all relevant times, Energy Kitchen 47th Street, Inc. maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

56.     Upon information and belief, Energy Kitchen 47th Street, Inc. applies the same employment policies, practices, and procedures to all non-exempt employees, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread-of-hours pay, deductions, and uniform expenses.

57.     Upon information and belief, at all relevant times Energy Kitchen 47th Street, Inc.'s annual gross volume of sales made or business done was not less than $500,000.00.

### Energy Kitchen 47th Street 2 LLC

58.     Together with the other Defendants, Energy Kitchen 47th Street 2 LLC has owned and/or operated the Energy Kitchen Restaurants during the relevant period.

59.     Energy Kitchen 47th Street 2 LLC is a domestic limited liability company organized and existing under the laws of New York.

60.     According to the New York State Department of State – Division of Corporations, DOS Process is to be served on Energy Kitchen 47th Street 2 LLC at 71 West 23rd Street, Suite 614, New York, New York 10010, which, upon information and belief, is the address of Energy Kitchen's headquarters.

61.     Energy Kitchen 47th Street 2 LLC allows employees to transfer or be shared by and between the Energy Kitchen Restaurants without retraining.

62.     Energy Kitchen 47th Street 2 LLC is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiff and similarly situated employees.

63.     At all relevant times, Energy Kitchen 47th Street 2 LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

64.     Upon information and belief, Energy Kitchen 47th Street 2 LLC applies the same employment policies, practices, and procedures to all non-exempt employees, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread-of-hours pay, deductions, and uniform expenses.

65.     Upon information and belief, at all relevant times Energy Kitchen 47th Street 2 LLC's annual gross volume of sales made or business done was not less than $500,000.00.

**Energy Kitchen 57th Street Inc.**

66.     Together with the other Defendants, Energy Kitchen 57th Street Inc. has owned and/or operated the Energy Kitchen Restaurants during the relevant period.

67.     Energy Kitchen 57th Street Inc. is a domestic business corporation organized and existing under the laws of New York.

68.     According to the New York State Department of State – Division of Corporations, Energy Kitchen 57th Street Inc.'s Principal Executive Office is 1089 Second Avenue, New York, New York 10022, the address of the Second Avenue Energy Kitchen.

69.     According to the New York State Department of State – Division of Corporations, DOS Process is to be served on Energy Kitchen 57th Street Inc. at 71 West 23rd Street, Suite 614, New York, New York 10010, which, upon information and belief, is the address of Energy Kitchen's headquarters.

70.     Upon information and belief, Energy Kitchen 57th Street Inc. appears on Plaintiff's paystubs for work performed for Defendants as "EK Corp Services – 57th".

71.    Energy Kitchen 57th Street Inc. allows employees to transfer or be shared by and between the Energy Kitchen Restaurants without retraining.

72.    Energy Kitchen 57th Street Inc. is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiff and similarly situated employees.

73.    At all relevant times, Energy Kitchen 57th Street Inc. maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

74.    Upon information and belief, Energy Kitchen 57th Street Inc. applies the same employment policies, practices, and procedures to all non-exempt employees, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread-of-hours pay, deductions, and uniform expenses.

75.    Upon information and belief, at all relevant times Energy Kitchen 57th Street Inc.'s annual gross volume of sales made or business done was not less than $500,000.00.

**Energy Kitchen Second Avenue Corp.**

76.    Together with the other Defendants, Energy Kitchen Second Avenue Corp. has owned and/or operated the Energy Kitchen Restaurants during the relevant period.

77.    Energy Kitchen Second Avenue Corp. is a domestic business corporation organized and existing under the laws of New York.

78.    According to the New York State Department of State – Division of Corporations, Energy Kitchen Second Avenue Corp.'s Principal Executive Office is 300 East 41st Street, New York, New York, 10017, the address of the 41st Street Energy Kitchen.

79.     Energy Kitchen Second Avenue Corp. allows employees to transfer or be shared by and between the Energy Kitchen Restaurants without retraining.

80.     Energy Kitchen Second Avenue Corp. is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiff and similarly situated employees.

81.     At all relevant times, Energy Kitchen Second Avenue Corp. maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

82.     Upon information and belief, Energy Kitchen Second Avenue Corp. applies the same employment policies, practices, and procedures to all non-exempt employees, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread-of-hours pay, deductions, and uniform expenses.

83.     Upon information and belief, at all relevant times Energy Kitchen Second Avenue Corp.'s annual gross volume of sales made or business done was not less than $500,000.00.

**Other Brother LLC**

84.     Together with the other Defendants, Other Brother LLC has owned and/or operated the Energy Kitchen Restaurants during the relevant period.

85.     Other Brother LLC is a domestic limited liability company organized and existing under the laws of New York.

86.     Other Brother LLC is a corporate entities that appears on some of Plaintiff's paystubs for work performed for Defendants.

87.     Other Brother LLC allows employees to transfer or be shared by and between the Energy Kitchen Restaurants without retraining.

88.     Other Brother LLC is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiff and similarly situated employees.

89.     At all relevant times, Other Brother LLC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

90.     Upon information and belief, Other Brother LLC applies the same employment policies, practices, and procedures to all non-exempt employees, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, spread-of-hours pay, deductions, and uniform expenses.

91.     Upon information and belief, at all relevant times Other Brother LLC's annual gross volume of sales made or business done was not less than $500,000.00.

**Anthony Leone**

92.     Upon information and belief, Defendant Anthony Leone ("Leone") is a resident of the State of New York.

93.     Upon information and belief, at all relevant times, Leone has been the founder, owner, and Chief Executive Officer of the Energy Kitchen Restaurants.

94.     According to the New York State Department of State Division of Corporations, Leone is the Chief Executive Officer of Energy Kitchen, Inc., Energy Kitchen 57th Street Inc., and Energy Kitchen Second Avenue Corp.

95.     Leone has had power over personnel decisions at the Energy Kitchen Restaurants, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

96.     At all relevant times, Leone has had power over payroll decisions at the Energy Kitchen Restaurants, including the power to retain time and/or wage records.

97. Leone is actively involved in managing the day to day operations of the Energy Kitchen Restaurants.

98. At all relevant times, Leone has also had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

99. At all relevant times, Leone has had the power to transfer the assets or liabilities of Energy Kitchen, Inc., Energy Kitchen Hoboken LLC, Energy Kitchen Nassau Inc., Energy Kitchen 47th Street, Inc., Energy Kitchen 47th Street 2 LLC, Energy Kitchen 57th Street Inc., Energy Kitchen Second Avenue Corp., Other Brother LLC (collectively, the "Corporate Defendants").

100. At all relevant times, Leone has had the power to declare bankruptcy on behalf of the Corporate Defendants.

101. At all relevant times, Leone has had the power to enter into contracts on behalf of the Corporate Defendants.

102. At all relevant times, Leone has had the power to close, shut down, and/or sell the Corporate Defendants.

103. Leone is a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, employed and/or jointly employed Plaintiff and similarly situated employees.

**Mike Repole**

104. Upon information and belief, Defendant Mike Repole ("Repole") is a resident of the State of New York.

105. Since approximately 2008, Repole has been a Partner and the majority shareholder of the Energy Kitchen Restaurants.

106. Repole has had power over personnel decisions at the Energy Kitchen Restaurants, including the power to hire and fire employees, set their wages, and otherwise

control the terms and conditions of their employment.

107.     At all relevant times, Repole has had power over payroll decisions at the Energy Kitchen Restaurants, including the power to retain time and/or wage records.

108.     Repole is actively involved in managing the day to day operations of the Energy Kitchen Restaurants.

109.     At all relevant times, Repole has also had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

110.     At all relevant times, Repole has had the power to transfer the assets or liabilities of the Corporate Defendants.

111.     At all relevant times, Repole has had the power to declare bankruptcy on behalf of the Corporate Defendants.

112.     At all relevant times, Repole has had the power to enter into contracts on behalf of the Corporate Defendants.

113.     At all relevant times, Repole has had the power to close, shut down, and/or sell the Corporate Defendants.

114.     Repole is a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, employed and/or jointly employed Plaintiff and similarly situated employees.

## JURISDICTION AND VENUE

115.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

116.     This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

117.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C.

- 15 -

§§ 2201 and 2202.

118.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

**COLLECTIVE ACTION ALLEGATIONS**

119.    Plaintiff brings the First and Second Causes of Action, FLSA claims, on behalf of himself and all similarly situated persons who work or have worked as non-exempt employees at the Energy Kitchen Restaurants in New York, who elect to opt-in to this action (the "FLSA Collective").

120.    Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the FLSA Collective.

121.    Consistent with Defendants' policy and pattern or practice, Plaintiff and the FLSA Collective were not paid minimum wages for all hours worked or premium overtime compensation for all hours worked beyond 40 per workweek.

122.    All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

123.    As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective.  This policy and pattern or practice includes, but is not limited to:

(a)    willfully failing to pay its employees, including Plaintiff and the FLSA Collective, minimum wages for all hours worked and premium overtime wages for all hours worked in excess of 40 hours in a workweek; and

(b)    willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Collective, have worked for the benefit of Defendants.

124.    Defendants' unlawful conduct, as described in this Class Action Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by failing to properly compensate Plaintiff and the FLSA Collective for all hours worked.

125.    Defendants are aware or should have been aware that federal law required them to pay Plaintiff and the FLSA Collective minimum wage for all of the hours they worked.

126.    Defendants are aware or should have been aware that federal law required them to pay Plaintiff and the FLSA Collective overtime premiums for hours worked in excess of 40 hours per week.

127.    Plaintiff and the FLSA Collective perform or performed the same primary duties.

128.    Defendants' unlawful conduct has been widespread, repeated, and consistent.

129.    There are many similarly situated current and former non-exempt employees who have been denied minimum wage and overtime compensation in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.  This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

130.    Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

131.    In recognition of the services Plaintiff has rendered and will continue to render to the FLSA Collective, Plaintiff will request payment of a service award upon resolution of this action.

## CLASS ACTION ALLEGATIONS

132.    Plaintiff brings the Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of:

> All persons who work or have worked as cooks,
> delivery workers, kitchen workers, counter servers,
> helpers, dishwashers, and other non-exempt
> employees at the Energy Kitchen Restaurants in
> New York between October 2, 2007 and the date of
> final judgment in this matter (the "Rule 23 Class").

133.    Excluded from the Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

134.    The members of the Rule 23 Class are so numerous that joinder of all members is impracticable.

135.    Upon information and belief, the size of the Rule 23 Class is at least 50 individuals. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

136.    Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

137.    Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a)    whether Defendants violated NYLL Articles 6 and 19, and the supporting New York State Department of Labor Regulations;

(b)    whether Defendants failed to pay Plaintiff and the Rule 23 Class minimum wages for all of the hours they worked;

(c)    whether Defendants correctly compensated Plaintiff and the Rule 23 Class for hours worked in excess of 40 hours per workweek;

(d)     whether Defendants failed to provide Plaintiff and the Rule 23 Class with spread-of-hours pay when the length of their workday was greater than 10 hours;

(e)     whether Defendants made unlawful deductions and kickbacks from the wages of Plaintiff and the Rule 23 Class in violation of the NYLL;

(f)     whether Defendants failed to reimburse Plaintiff and the Rule 23 Class for uniform-related expenses in violation of the NYLL;

(g)     whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Rule 23 Class, and other records required by the NYLL;

(h)     whether Defendants failed to furnish Plaintiff and the Rule 23 Class with wage notices, as required by the NYLL;

(i)     whether Defendants failed to furnish Plaintiff and the Rule 23 Class with accurate statements of wages, hours worked, rates paid, gross wages and the claimed tip allowance, as required by the NYLL;

(j)     whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

(k)     the nature and extent of class-wide injury and the measure of damages for those injuries.

138.    The claims of Plaintiff are typical of the claims of the Rule 23 Class he seeks to represent.  Plaintiff and all of the Rule 23 Class members work, or have worked, for Defendants as non-exempt employees at the Energy Kitchen Restaurants in New York.  Plaintiff and the Rule 23 Class members enjoy the same statutory rights under the NYLL, including to be properly compensated for all hours worked, to be paid spread-of-hours pay, to retain all of their wages, and to be reimbursed for uniform-related expenses.  Plaintiff and the Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.  Plaintiff and the Rule 23 Class members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.

139.    Plaintiff will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.  Plaintiff understands that as class representative, he assumes a fiduciary responsibility to the class to represent its interests fairly and adequately.  Plaintiff recognizes that as class representative, he must represent and consider the interests of the class just as he would represent and consider his own interests.  Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over the class.  Plaintiff recognizes that any resolution of a class action must be in the best interest of the class.  Plaintiff understands that in order to provide adequate representation, he must be informed of developments in the litigation, cooperate with class counsel, and testify at deposition and/or trial. Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between Plaintiff and the Rule 23 members.

140.    In recognition of the services Plaintiff has rendered and will continue to render to the Rule 23 Class, Plaintiff will request payment of a service award upon resolution of this action.

141.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violations of the NYLL, as well as their common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  The individual Plaintiff lacks the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

142.    This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## PLAINTIFF'S FACTUAL ALLEGATIONS

143.    Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiff, individually, as follows:

**Camerino Hernandez**

144.    Defendants did not pay Plaintiff the proper minimum wages, overtime wages, and spread-of-hours pay for all of the time that he was suffered or permitted to work each workweek.

145.    Defendants repeatedly suffered or permitted Plaintiff to work over 40 hours per week, up to a maximum of approximately 80 hours per week.

146.    Throughout Plaintiff's employment with Defendants as a delivery worker, Defendants did not compensate Plaintiff at minimum wage for all of the hours he worked.

147.    Throughout Plaintiff's employment with Defendants as a delivery worker, Defendants applied a tip credit to Plaintiff's wages rather than pay Plaintiff the full minimum wage rate.

148.    Throughout Plaintiff's employment with Defendants as a delivery worker, Defendants did not provide Plaintiff with notification of the tipped minimum wage or tip credit provisions of the FLSA or NYLL, or of their intent to apply a tip credit to Plaintiff's wages.

149.    Throughout Plaintiff's employment with Defendants as a delivery worker, Defendants required Plaintiff to spend over two hours in a workday, and in excess of twenty percent of his time at work, engaged in a non-tipped capacity.  In that regard, Plaintiff was consistently required to perform a substantial amount of time performing non-tip-producing "side work," such as cutting vegetables, preparing food, and washing dishes.  At all times,

however, Defendants applied a tip credit towards Plaintiff's hourly wages for the hours he worked as a delivery worker, rather than compensate Plaintiff at the full minimum wage rate.

150.   Throughout Plaintiff's employment with Defendants as a delivery worker, Defendants regularly obtained unlawful kickbacks from Plaintiff and made unlawful deductions from Plaintiff's wages in violation of the FLSA and the NYLL.  In that regard, Defendants made unlawful deductions from delivery workers' wages when they made a mistake while making the delivery.  Additionally, Defendants required Plaintiff to purchase and maintain his own bicycle to use while making deliveries for Defendants.  However, Defendants did not reimburse Plaintiff for these costs.

151.   Throughout Plaintiff's employment as both a delivery worker and a cook, Defendants did not compensate Plaintiff at time and one-half his regular pay rate for the hours he worked in excess of 40 per workweek.

152.   Throughout Plaintiff's employment as both a delivery worker and a cook, Defendants did not pay Plaintiff one additional hour of pay at the basic minimum hourly rate for all of the times that the length of the interval between the beginning and end of his workday – including working time plus time off for meals plus intervals off duty – was greater than 10 hours.

153.   Throughout Plaintiff's employment as both a delivery worker and a cook, Defendants did not pay Plaintiff the required weekly amount for uniform maintenance in addition to the required wages.  Plaintiff was provided with three Energy Kitchen shirts, one hat, one apron, and one nametag when he began his employment with Defendants.  If Plaintiff required additional uniform items, he was required to purchase them from Defendants for $5.00 each.

154.    From approximately April 28, 2008 to approximately September 2008, Plaintiff worked approximately 40 to 45 hours per week as a delivery worker at the 41st Street Energy Kitchen. During this period, Defendants paid Plaintiff approximately $4.60 per hour, or the tip credit minimum wage rate, for all hours worked.

155.    From approximately September 2008 to approximately August 2009, Plaintiff worked approximately 76 hours per week, and was paid straight time for all hours worked. Plaintiff was paid approximately $5.00 per hour while working as a delivery worker at the 41st Street Energy Kitchen. Plaintiff was paid $9.00 per hour while working as a cook at the Nassau Street Energy Kitchen.

156.    From approximately August 2009 to September 2010, Plaintiff worked approximately 76 hours per week, and was paid straight time for all hours worked. Plaintiff was paid $10.50 per hour working as a cook at the Nassau Street Energy Kitchen and the 47th Street Energy Kitchen. During this period, Defendants also occasionally employed Plaintiff as a delivery worker, for which Defendants paid Plaintiff $5.00 per hour. Furthermore, during this period, Plaintiff occasionally filled in for co-workers at the 23rd Street Energy Kitchen and the Christopher Street Energy Kitchen.

157.    From approximately September 2010 to December 2010, and from approximately February 2011 to March of 2012,[1] Plaintiff worked approximately 76 hours per week. Throughout these periods, Plaintiff was paid a "salary" ranging from $287.50 to $575.00 every week for the work he performed as a cook at the Nassau Street Energy Kitchen, and was paid $10.50 per hour working as a cook at the 47th Street Energy Kitchen and the 57th Street Energy Kitchen. During this period, Defendants also occasionally employed Plaintiff as a delivery worker, for which Defendants paid Plaintiff $5.00 per hour. Furthermore, during this period,

---

[1] Plaintiff did not work for Defendants during January of 2011.

Plaintiff occasionally filled in for co-workers at the 23rd Street Energy Kitchen and the Christopher Street Energy Kitchen.

158.    Plaintiff's primary duties as a cook were non-exempt duties, including preparing wraps, sandwiches, and hot dinner plates.

159.    Plaintiff's primary job duties as a cook did not include:

     a.  Hiring;

     b.  Firing;

     c.  Making recommendations for hiring, firing, or other employment decisions;

     d.  Scheduling; or

     e.  Disciplining other employees.

160.    Plaintiff's primary duty was not directly related to Defendants' or Defendants' customers' management or general business operations.

161.    Plaintiff's primary duties did not include the exercise of discretion and independent judgment regarding matters of significance.  In that regard, Plaintiff:

     a.  was not involved in planning Defendants' or Defendants' customers' long or short term business objectives;

     b.  could not formulate, affect, implement or interpret Defendants' or Defendants' customers' management policies or operating practices;

     c.  did not carry out major assignments that affected Defendants' or Defendants' customers' business operations;

     d.  did not have authority to commit Defendants or Defendants' customers in matters that have significant financial impact; and

     e.  could not waive or deviate from Defendants' or Defendants' customers' established policies or procedures without prior approval.

162.    Defendants did not keep accurate records of wages earned or of hours worked by Plaintiff.

163.    Defendants failed to furnish Plaintiff with annual wage notices, or with accurate statements of wages, hours worked, rates paid and gross wages.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Minimum Wages
### (Brought on behalf of Plaintiff and the FLSA Collective)

164.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

165.    Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class Action Complaint.

166.    Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

167.    At all times relevant, Plaintiff and the members of the FLSA Collective were employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*, and/or they were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

168.    At all times relevant, Plaintiff and the members of the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 201 *et seq.*

169.    At all times relevant, Defendants have been employers of Plaintiff and the members of the FLSA Collective, engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

170.    The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the members of the FLSA Collective.

171.    Defendants have failed to pay Plaintiff and the members of the FLSA Collective the minimum wages to which they are entitled under the FLSA.

172.    Defendants have been required to pay directly to Plaintiff and the members of the FLSA Collective the full federal minimum wage rate for all hours worked.

173.    Defendants have not been eligible to avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. §§ 201 *et seq.*, because Defendants failed to inform Plaintiff and the FLSA Collective of the provisions of subsection 203(m) of the FLSA and failed to compensate Plaintiff at the appropriate tip credit minimum wage rate.

174.    Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional.    Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful.    Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the members of the FLSA Collective.

175.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

176.    As a result of Defendants' willful violations of the FLSA, Plaintiff and the members of the FLSA Collective have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

### SECOND CAUSE OF ACTION
**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

177.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

178.   The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the members of the FLSA Collective.

179.   Defendants have failed to pay Plaintiff and the members of the FLSA Collective overtime wages for the hours they worked in excess of 40 hours in a workweek.

180.   Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional.   Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful.   Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the members of the FLSA Collective.

181.   Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

182.   As a result of Defendants' willful violations of the FLSA, Plaintiff and the members of the FLSA Collective have suffered damages by being denied overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

### THIRD CAUSE OF ACTION
**New York Labor Law Article 19 – Minimum Wage**
**(Brought on behalf of Plaintiff and the members of the Rule 23 Class)**

183.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

184.   Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class Action Complaint.

185.    At all times relevant, Plaintiff and the members of the Rule 23 Class have been employees of Defendants, and Defendants have been employers of Plaintiff and the members of the Rule 23 Class within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

186.    At all times relevant, Plaintiff and the members of the Rule 23 Class have been covered by the NYLL.

187.    The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants, and protect Plaintiff and the members of the Rule 23 Class.

188.    Defendants have failed to pay Plaintiff and the members of the Rule 23 Class the minimum hourly wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

189.    Defendants have been required to pay Plaintiff and the members of the Rule 23 Class the full minimum wage at a rate of (a) $7.15 per hour for all hours worked from October 2, 2007 through July 23, 2009; and (b) $7.25 per hour for all hours worked from July 24, 2009 through the present, under the NYLL §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations.

190.    Defendants have failed to furnish with every payment of wages to Plaintiff and the members of the Rule 23 Class a statement listing hours worked, rates paid, gross wages, and tip allowance claimed as part of their minimum hourly wage rate, in violation of the NYLL and the supporting New York State Department of Labor Regulations. As a result, Plaintiff and the members of the Rule 23 Class have been entitled to the full minimum wage rate rather than the reduced tipped minimum wage rate.

191.    Defendants have failed to notify Plaintiff and the members of the Rule 23 Class of the tip credit as required by the NYLL and the supporting New York State Department of Labor Regulations.  As a result, Plaintiff and the members of the Rule 23 Class have been entitled to the full minimum wage rate rather than the reduced tipped minimum wage rate.

192.    Defendants have failed to pay Plaintiff at the appropriate tip credit minimum wage rate for all hours they were suffered or permitted to work in violation of the NYLL and the supporting New York State Department of Labor Regulations.  As a result, Plaintiff and the members of the Rule 23 Class have been entitled to the full minimum wage rate for all hours worked.

193.    Through their knowing or intentional failure to pay minimum hourly wages to Plaintiff and the members of the Rule 23 Class, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

194.    Due to Defendants' willful violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### FOURTH CAUSE OF ACTION
**New York Labor Law Article 19 – Unpaid Overtime**
**(Brought on behalf of Plaintiff and the members of the Rule 23 Class)**

195.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

196.    The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants, and protect Plaintiff and the members of the Rule 23 Class.

197.   Defendants have failed to pay Plaintiff and the members of the Rule 23 Class the premium overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations for all hours worked beyond 40 per workweek.

198.   Defendants have failed to pay Plaintiff and the members of the Rule 23 Class overtime at a rate of 1.5 times their regular hourly wage rate for hours worked in excess of 40 per week.

199.   Defendants have failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and the members of the Rule 23 Class.

200.   Through their knowing or intentional failure to pay Plaintiff and the members of the Rule 23 Class overtime wages for hours worked in excess of 40 hours per workweek, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

201.   Due to Defendants' willful violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## FIFTH CAUSE OF ACTION
### New York Labor Law – Spread-of-Hours Pay
### (Brought on behalf of Plaintiff and the members of the Rule 23 Class)

202.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

203.   Defendants have failed to pay Plaintiff and the members of the Rule 23 Class additional compensation of one hour's pay at the basic minimum hourly wage rate for each day that the length of the interval between the beginning and end of their workday – including working time plus time off for meals plus intervals off duty – was greater than 10 hours.

204.     Through their knowing or intentional failure to pay Plaintiff and the members of the Rule 23 Class spread-of-hours pay, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

205.     Due to Defendants' willful violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid spread-of-hours wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## SIXTH CAUSE OF ACTION
### New York Labor Law – Unlawful Deductions and Kickbacks
### (Brought on behalf of Plaintiff and the members of the Rule 23 Class)

206.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

207.     Defendants made unlawful deductions from Plaintiff's wages in violation of NYLL § 193.

208.     The deductions made from Plaintiff's wages were not authorized or required by law.

209.     The deductions made from Plaintiff's wages were not expressly authorized in writing by Plaintiff, and were not for the benefit of Plaintiff.

210.     Defendants took unlawful kickbacks from Plaintiff's wages in violation of NYLL § 198-b.

211.     Through their knowing or intentional efforts to permit unauthorized deductions and kickbacks from Plaintiff's wages, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

212.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants the amounts of any unlawful deductions and kickbacks, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## SEVENTH CAUSE OF ACTION
### New York Labor Law – Uniform Violations
**(Brought on behalf of Plaintiff and the members of the Rule 23 Class)**

213.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

214.    Defendants required Plaintiff and the members of the Rule 23 Class to wear a uniform consisting of a shirt, hat, and apron bearing the Energy Kitchen logo.

215.    Throughout Plaintiff's employment, Defendants have provided Plaintiff with only three Energy Kitchen uniform shirts, one hat, one apron, and one name tag.  Defendants failed to launder and/or maintain mandatory uniforms for Plaintiff and the members of the Rule 23 Class, and failed to pay them the required weekly amount for uniform maintenance in addition to the required minimum wage.

216.    By Defendants' failure to pay Plaintiff and the members of the Rule 23 Class for the purchase and/or maintenance of required uniforms, Defendants have willfully violated the NYLL, and the supporting New York State Department of Labor Regulations.

217.    Due to Defendants' willful violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants the costs of purchasing and maintaining their uniforms, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## EIGHTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Annual Wage Notices
**(Brought on behalf of Plaintiff and the members of the Rule 23 Class)**

218.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

219.    Defendants have willfully failed to supply Plaintiff and the members of the Rule 23 Class with notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff and the members of the Rule 23 Class as their primary language, containing Plaintiff's and the members of the Rule 23 Class' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

220.    Through their knowing or intentional failure to provide Plaintiff and the members of the Rule 23 Class with the annual wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

221.    Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff and the members of the Rule 23 Class are entitled to statutory penalties of fifty dollars for each workweek that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with wage notices, or a total of twenty-five hundred dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

### NINTH CAUSE OF ACTION
**New York Labor Law – Failure to Provide Accurate Wage Statements**
**(Brought on behalf of Plaintiff and the members of the Rule 23 Class)**

222.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

223.    Defendants have willfully failed to supply Plaintiff and the members of the Rule 23 Class with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

224.    Through their knowing or intentional failure to provide Plaintiff and the members of the Rule 23 Class with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

225.    Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff and the members of the Rule 23 Class are entitled to statutory penalties of one hundred dollars for each workweek that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with accurate wage statements, or a total of twenty-five hundred dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

A.    That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all non-exempt employees who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked at the Energy Kitchen Restaurants.  Such notice shall inform them that this civil action has been filed, of the

nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.      Unpaid minimum wages, overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

C.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.      Designation of Plaintiff as representative of the Rule 23 Class and counsel of record as Class Counsel;

E.      Payment of a service award to Plaintiff, in recognition of the services he has rendered and will continue to render to the FLSA Collective and Rule 23 Class;

F.      Issuance of a declaratory judgment that the practices complained of in this Class Action Complaint are unlawful under the NYLL, Article 6, §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

G.      Unpaid minimum wages, overtime pay, spread-of-hours pay, unlawful deductions and kickbacks, uniform-related expenses, and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

H.      Statutory penalties of fifty dollars for each workweek that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with wage notices, or a total of twenty-five hundred dollars each, as provided for by NYLL, Article 6 § 198;

I.      Statutory penalties of one hundred dollars for each workweek that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with accurate wage statements, or a total of twenty-five hundred dollars each, as provided for by NYLL, Article 6 § 198;

J.      Prejudgment and post-judgment interest;

K.     An injunction requiring Defendants to pay all statutorily required wages and cease

the unlawful activity described herein pursuant to the NYLL;

L.     Reasonable attorneys' fees and costs of the action; and

M.     Such other relief as this Court shall deem just and proper.

Dated: New York, New York
      October 2, 2013

Respectfully submitted,

Brian S. Schaffer

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Eric J. Gitig
Andrew P. Kimble
475 Park Avenue South, 12th Floor
New York, NY 10016
Telephone: (212) 300-0375

*Attorneys for Plaintiff and*
*the Putative Class*

- 36 -

## FORMULARIO DE CONSENTIMIENTO DE UNIÓN

1.    Doy mi consentimiento para ser parte demandante en una demanda contra Energy Kitchen y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 USC § 216 (b).

2.    Al firmar y devolver este formulario de consentimiento, yo designo Fitapelli & Schaffer, LLP ("La Firma") para representarme y hacer decisiones en mi defensa acerca del caso y cualquier acuerdo extrajudicial. Entiendo que costos razonables hechos en mi defensa serán deducido de cualquier acuerdo extrajudicial o juicio será prorrateado entre todos los otros demandantes. Entiendo que la firma peticionara con la Corte para conseguir los costos de abogado de cualquier acuerdo extrajudicial o juicio en la suma que será el mayor de lo siguiente: (1) la suma "lodestar", que es calculada por multiplicar una tarifa por hora razonable por los números de horas dedicado a la demanda, o (2) 1/3 del total bruto del acuerdo judicial o juicio. Estoy de acuerdo de ser vinculado a cualquier proceso legal de este asunto por la Corte, sea favorable o desfavorable.

Firma (Signature)

Camerino Avila Hernandez
Nombre legal completo (Imprenta) (Full Legal Name (Print))

